GEORGE W. COURITO v. WM. KITCHEN.

**Description of Real Estate.**

> When a patent conveys land by monuments and streets and
> bounds, the patent calls must be followed even though to do so
> may decrease or increase the area of land over that mentioned in
> the patent or deed.

APPEAL FROM CARTER CIRCUIT COURT.

May 1, 1884.

OPINION BY JUDGE PRYOR:

The only question in this case is as to the true boundary of the
tract of land patented in 1826 to Ward and Craddock under which
appellee claims, for the patent relied on by appellant being junior
is void as to so much of the land in controversy as was actually
appropriated and covered by the one first named.

There does not appear to be any controversy as to the proper
location of the beginning corner of the Ward and Craddock survey,
though the trees called for have been destroyed, and therefore it
may be assumed to be at the letter "A" according to the plat of
Scott, the surveyor. Nor can there be any doubt about the location
of the next four corners. From the fifth corner at "K," a white
oak, the patent calls for S. 46 W. 87 poles to a white oak. But the
object called for is not now found, and therefore in the absence of
proof of its location elsewhere it must be fixed at the point where
the calls of the patent place it, which is at "B." From this point
the patent call is S. 33 W. 208 poles. There is no evidence of a
mistake in the call, nor is there a marked line or corner to be found
by following the call of S. 33 W. 208 poles. Hence the course of
the patent must be followed to the end of the distance and then to
the beginning at "A."

It is true by doing so the area of land will be greatly in excess
of what is called for, and the closing line will not be according to
the patent call in respect to either course or distance. But in the
absence of evidence the patent calls must be followed as far as
may be done and the survey closed by running from the end of the
call to the beginning corner.

Judgment *affirmed.*

*R. D. Davis, E. F. Dulin, for appellant.*